IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

Civil Case No. 3:14CV-625-R

ANDREW V. BROWN and NANCY L. BROWN        PLAINTIFFS
455 SunneHanna Dr.
Myrtle Beach, SC 29588

v.        **ORIGINAL COMPLAINT**

GREGORY C. SCHMIEDER, M.D.
3 Audubon Plaza Dr.
Suite #220
Louisville, Kentucky 40217

-and-

NORTON HOSPITALS, INC
d/b/a Norton Suburban Hospital
4002 Dutchmans Lane
Louisville, Kentucky 40207-414

       Serve:   Robert B. Azar
                 4967 US Highway 42
                 Suite 101
                 Louisville, Kentucky 40222-6363
                 *Via Certified Mail*

-and-

COMMUNITY MEDICAL ASSOCIATES, INC
d/b/a Norton Vascular Associates,
and further
d/b/a Norton Physician Services Billing        DEFENDANTS
1930 Bishop Lane
Louisville, KY 40218

       Serve:   Robert B. Azar
                 4967 US Highway 42
                 Louisville, Kentucky 40222-6363
                 *Via Certified Mail*

\*\*\* \*\*\* \*\*\* \*\*\*

Come the Plaintiffs, Andrew V. Brown and Nancy L. Brown, by counsel, and for their cause of action against the Defendants, Gregory C. Schmieder, M.D., Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, and Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and further d/b/a Norton Physician Services Billing, state as follows:

### PARTIES, JURISDICTION & VENUE

1.  At all times mentioned herein, Plaintiffs, Andrew Brown and Nancy Brown, were and continue to be lawfully married and reside at 455 Sunnehanna Drive, Unit #308, Myrtle Beach, SC 29588. The Plaintiffs are and were at all times mentioned herein lawful residents and citizens of South Carolina.

2.  At all times mentioned herein, Defendant, Gregory C. Schmieder, M.D., was and is a practicing physician, licensed under the laws of the Commonwealth of Kentucky, and held himself out to the public as a specialist in surgery and vascular surgery with board certification in both areas.

3.  At all times mentioned herein, Defendant, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, was and is a not for profit corporation providing hospital services, duly licensed under the laws of the Commonwealth of Kentucky, and which has designated Robert B. Azar, 4967 US Highway 42, Suite 101, Louisville, Kentucky 40222-6363, as its registered agent for service of process.

4.  At all times mentioned herein, Defendant, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital was and is located in Jefferson County, Kentucky.

5.  At all times mentioned herein, Defendant, Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and further d/b/a Norton Physician Services Billing, was and

is a corporation organized and duly licensed under the laws of the Commonwealth of Kentucky, and which has designated Robert B. Azar, 4967 US Highway 42, Suite 101, Louisville, Kentucky 40222-6363, as its registered agent for service of process.

6. At all times mentioned herein, Defendant, Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and further d/b/a Norton Physician Services Billing, Defendant, was and is located in Jefferson County, Kentucky.

7. The acts of negligence hereinafter alleged against the Defendants were performed during the course and scope of their healthcare provider-patient relationship with Plaintiff, Andrew Brown, in Louisville, Jefferson County, Kentucky and later by providing inadequate information to physicians in South Carolina.

8. Venue is appropriate under 28 U.S. Code Section 1391(b)(1-3). The Defendants' principle place of business and residence is in Jefferson County, KY. A substantial part of the events and/or omissions giving rise to the claim occurred in Jefferson County, KY.

9. Jurisdiction are proper in this Court under 28 U.S. Code Section 1332(a)(1). The citizens are of different states, and the matter in controversy exceeds the sum or value of $75,000.

### COUNT I: MEDICAL/HEALTHCARE NEGLIGENCE

10. Plaintiffs adopt and incorporate all of the allegations contained in Paragraphs 1 - 9 as if fully set forth herein.

11. On or about September 12, 2013, and thereafter, Defendants provided medical care and treatment to Plaintiff, Andrew V. Brown, at Defendant's hospital, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital.

12. On or about September 13, 2013, and thereafter, Defendant, Gregory C. Schmieder, M.D., deviated from the accepted standard of care in the performance of his medical responsibilities to Plaintiff, Andrew Brown, thus constituting medical negligence, which was a substantial factor in causing Plaintiff, Andrew Brown's injuries.

13. At all times set out above, the Defendant, Gregory C. Schmieder, M.D., was the agent, servant, and/or employee, and/or the ostensible, and/or apparent agent, servant, and/or employee of Defendants, and was acting within the course and scope of his agency and/or employment with Defendants, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, and Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and further d/b/a Norton Physician Services Billing. Therefore, the negligence of the Defendant, Gregory C. Schmieder, M.D., is imputed to Defendants, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, and Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and further d/b/a Norton Physician Services Billing.

14. On or about September 12, 2013, and thereafter, Defendants, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, and Community Medical Associates, Inc. d/b/a Norton Vascular Associates and Norton Physician Services Billing, by and through their agents, servants, and/or employees, and or ostensible, and/or apparent agents, servants, and/or employees deviated from the accepted standard of care with regard to the medical and nursing responsibilities owed to Plaintiff, Andrew Brown, thus constituting medical negligence, which was a substantial factor in causing Plaintiff, Andrew Brown's injuries.

15. More particularly, Plaintiffs would show that Defendant, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital and and Community Medical Associates, Inc. d/b/a Norton Vascular Associates and Norton Physician Services Billing, by and through its agents, servants,

and/or employees, and or ostensible, and/or apparent agents, servants, and/or employees failed to use acceptable standard care, and thus violated the standard of care and was negligent, in:

    a.    Failing to adequately and accurately communicate, and in miscommunicating, with the Plaintiff, Andrew V. Brown, and other healthcare providers as to and about his condition;

    b.    Failing to provide appropriate and timely medical referral, consultation, follow-up, and/or instructions to and for Andrew V. Brown's urgent medical condition and/or results of testing; and in,

    c.    Failing to provide/perform appropriate testing on Andrew V. Brown.

16.    Each and all of the foregoing acts of negligence, either singularly or in any combination, were a proximate cause of the injuries to Andrew V. Brown and the damages suffered by the Plaintiffs, as later set out herein.

17.    On or about September 12, 2013, and thereafter, Defendant, Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and further d/b/a Norton Physician Services Billing, by and through its agents, servants, and/or employees, and or ostensible, and/or apparent agents, servants, and/or employees, deviated from the accepted standard of care in providing medical care to Plaintiff, Andrew Brown, thus constituting medical negligence, which was a substantial factor in causing Plaintiff, Andrew Brown's injuries.

18.    More particularly, Plaintiffs would show that Defendant, Gregory C. Schmieder, M.D., who was an employee, agent, or ostensible/apparent agent of Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and/or further Norton Physician Services Billing, failed to use acceptable standard care, and thus violated the standard of care and was negligent, in:

    a.    Reading/interpreting, and/or misreading/misinterpreting, a unilateral venous duplex ultrasound imaging and/or other test/study on the leg of Andrew V. Brown;

      b.      Failing to read/interpret fully and completely the unilateral venous duplex ultrasound imaging and/or other test/study on the leg of Andrew V. Brown;

      c.      Failing to adequately and accurately communicate, and in miscommunicating/failing to timely communicate, with the Plaintiff, Andrew V. Brown, and other healthcare providers as to and about his condition;

      d.      Failing to provide appropriate and timely medical care, treatment, referral, consultation, follow-up, and/or instructions to and for Andrew V. Brown's urgent medical condition and/or results of testing; and in,

      c.      Failing to provide/perform appropriate testing on Andrew V. Brown.

19.    Each and all of the foregoing acts of negligence, either singularly or in any combination, were a proximate cause of the injuries to Andrew V. Brown and the damages suffered by the Plaintiffs, as later set out herein.

20.    Defendants, Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and/or further d/b/a Norton Physician Services Billing, are vicariously liable for the negligence of Defendant, Gregory C. Schmieder, M.D., whose negligence occurred within the course and scope of employment/agency with said Defendants herein.

21.    As a direct and proximate result of the negligence of the Defendants as set forth and/or described above, Plaintiff, Andrew Brown, sustained serious, painful and permanent injuries, causing him to incur medical expenses, to lose wages, to suffer impairment to his earning capacity, and to suffer great physical pain and mental anguish, and he will incur such damages in the future, all to his detriment in an amount exceeding the minimum jurisdiction requirements of this Court.

22.    Further, as a direct and proximate result of the negligence of the Defendants described above, Plaintiff, Andrew Brown, is at an increased risk for future harm and future

medical complications, and has and will suffer damages as a result in an amount exceeding the minimum jurisdiction requirements of this Court.

## COUNT II: LOSS OF CONSORTIUM

23. Plaintiffs adopt and incorporate all of the allegations contained in Paragraphs 1 - 22 as if fully set forth herein.

24. As a direct and proximate result of the negligence of the Defendants above, Plaintiff, Nancy Brown, was caused to lose the companionship, services, love, affection and society of her husband, Andrew Brown, and has and will in the future suffer damages as a result in an amount exceeding the minimum jurisdiction requirements of this Court.

**WHEREFORE**, Plaintiffs, Andrew Brown and Nancy Brown, pray for judgment against the Defendants, Gregory C. Schmieder, M.D., Norton Hospitals, Inc. d/b/a Norton Suburban Hospital, and Community Medical Associates, Inc. d/b/a Norton Vascular Associates, and further d/b/a Norton Physician Services Billing, as follows:

    a. For compensatory damages in an amount exceeding the jurisdictional minimum of this Court, with interest at the legal rate on said judgment;

    b. For a trial by jury on all issues so triable;

    c. For their costs herein expended; and

    d. For any and all other just and relief to which they may be properly entitled.

*Respectfully submitted*,

DOLT, THOMPSON, SHEPHERD & KINNEY, P.S.C.


___/s/ D. Tysen Smith II_____

Tyler S. Thompson (tthompson@kytrial.com)
D. Tysen Smith II (tsmith@kytrial.com)
13800 Lake Point Circle
Louisville Kentucky 40223
(502) 244-7772
(502) 244-7776 *facsimile*
*Counsel for Plaintiffs*

8